The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation, Plaintiff, v. VIRACON, LLC, a Minnesota limited liability company, APOGEE ENTERPRISES, INC., a Minnesota corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, INSULATING GLASS CERTIFICATION COUNCIL, INC., an Illinois corporation, and DOES 1-20, Defendants.

NO. 2:23-cv-1999

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

## I.   INTRODUCTION

This matter comes before the Court on a Motion to Remand filed by Plaintiff Fifteen Twenty-One Second Avenue Condominium Association ("Plaintiff" or "association"). Defendants removed this lawsuit from King County Superior Court under 28 U.S.C. §§ 1332, 1441 and 1446, claiming complete diversity of the parties. By this motion, Plaintiff asserts that the parties are not completely diverse and that this Court therefore lacks subject matter jurisdiction. Having reviewed Plaintiff's Motion to Remand and accompanying evidence filed in support thereof, and the opposition briefs of Defendants (1) Viracon LLC and Apogee Enterprises, Inc. and (2) Quanex IG Systems, Inc., (collectively, "Defendants"),[1] the Court

---

[1] Defendant Insulating Glass Certification Council, Inc., did not file an opposition to Plaintiff's Motion to Remand, although it did consent to removal. *See* Notice of Removal, Dkt. No. 1.

ORDER DENYING
MOTION TO REMAND

- 1

1  concludes that complete diversity exists in this matter and the Motion to Remand is denied, for
2  the reasons that follow.

3                            II.      BACKGROUND

4       This dispute concerns the 38-story building located at 1521 Second Avenue in Seattle,
5  Washington, which is owned by Plaintiff Fifteen Twenty-One Second Avenue Condominium
6  Association. Am. Compl., ¶ 12. Plaintiff is a homeowner's association composed of owners of the
7  residential and commercial units in that building. *Id.*, ¶ 1. Plaintiff brings this lawsuit claiming
8  that the double-paned Insulated Glass Units ("IGUs") making up the exterior structural wall of the
9  1521 Second Avenue building were defectively designed and constructed. According to Plaintiff,
10 the gray-colored sealant used in the IGUs breaks down when exposed to ultraviolet rays, causing
11 the seal between the panes to fail and in some cases, the glass panes to shatter. As a result,
12 according to Plaintiff, all of the approximately 7,850 IGUs at the 1521 Second Avenue building
13 must be replaced. *Id.*, ¶ 60.

14      Seeking to recover the cost of such replacement, Plaintiff asserts multiple state-law claims
15 against various entities involved in the manufacture of the IGUs and the sealant. Plaintiff also
16 named as a defendant the Insulating Glass Certification Council, Inc., ("IGCC"), comprising
17 various manufacturers in the IGU industry. The IGUs at 1521 Second Avenue were stamped with
18 an IGCC "certification of quality" that Plaintiff claims is false and misleading.

19       The IGUs at 1521 Second Avenue are "Common Elements" under the "Covenants,
20 Conditions and Restrictions for Fifteen Twenty-One Second Avenue," the document that
21 established the association, and therefore each condominium unit owner bears responsibility for a
22 prescribed percentage of the cost of replacing the IGUs. *See* Fjelstad Decl., Ex. A,  Ex. B thereto.

23

24  ORDER DENYING
    MOTION TO REMAND
25   - 2

A provision of the Washington Condominium Act authorizes Plaintiff to bring this lawsuit on behalf of the unit owners to recover their shares of that cost. RCW 64.38.020(4). Plaintiff also alleges it is the successor in interest to the building project developer and assignee of the rights belonging to the project's developer/declarant, general contractor, and glazing subcontractor, and is also bringing this lawsuit on its own behalf to enforce these rights. Am. Compl., ¶ 2.

Plaintiff is incorporated in Washington, with its principal place of business in this state. Viracon is a Minnesota limited liability company, whose sole member is Defendant Apogee, a Minnesota corporation headquartered in Minnesota. Notice of Removal, Dkt. No. 1, ¶ 3. All other Defendants are corporations, and none is incorporated in Washington, or has a principal place of business in Washington.

### III. DISCUSSION

#### A. Standard on a Motion to Remand

A defendant may remove a state court action to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332. Diversity jurisdiction exists only where there is: (1) complete diversity between the citizenship of the plaintiffs on the one hand, and the defendants on the other; and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Where either element is lacking, federal courts lack subject matter jurisdiction and must remand the action to state court. 28 U.S.C. § 1447(c). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

#### B. Whether Plaintiff's and/or IGCC's Members Should Be Considered in Determining Plaintiff's Citizenship for Diversity Purposes

Plaintiff seeks remand of this action, claiming this Court lacks subject matter jurisdiction

ORDER DENYING
MOTION TO REMAND

- 3

because the parties are not completely diverse. More specifically, Plaintiff argues that although it is a corporation and a citizen of Washington, the citizenship of its members—that is, the individual owners of units within the 1521 Second Avenue condominium building—should be considered for purposes of determining diversity jurisdiction. Further, according to Plaintiff, several of its member-owners are citizens of some of the same states that Defendants are citizens of, including Texas and New York. Similarly, Plaintiff argues, several members of Defendant IGCC are citizens of Washington, and their citizenship should be accounted for in the jurisdiction inquiry as well. Under either theory (or both), Plaintiff argues, complete diversity is lacking and this matter must be remanded.

      The citizenship of a corporation is determined by the state(s) of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The Ninth Circuit has confirmed that where a corporation is a party, courts should look to that corporation's citizenship in the jurisdiction inquiry, even in cases in which that corporation has a "non-stock, non-profit, equal voting, membership structure." *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1182-83 (9th Cir. 2004) (rejecting the argument in a lawsuit against incorporated nonprofit electric cooperative that diversity jurisdiction must be determined by the citizenship of cooperative's members, rather than by that of the corporate entity pursuant to § 1332(c)(1), and affirming the bright-line rule that "for purposes of diversity jurisdiction, a corporation is a corporation is a corporation").

      It is also true, however, that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id*., citing *Navarro*

ORDER DENYING
MOTION TO REMAND

- 4

*Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980). Plaintiff argues, based on this principle, that where a corporate entity sues (or is sued) in its representative capacity, it is merely a nominal party serving as a vehicle for enforcing the rights of, for example, its members. Under such circumstances, Plaintiff urges, it is the citizenship of those members, rather than of the corporation, that controls for diversity purposes.

The Court concludes that this proposition does not apply to the facts of this case. The cases on which Plaintiff relies hold only that the citizenship of the members of an incorporated association may be relevant if—but only if—the corporation is acting *solely* on its members' behalf. *See, e.g., Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151, 1156 (N.D. Cal. 1998) ("*ZMDA*") (where corporate plaintiff "asserts no corporate interest of its own" and "is not a party to any of these contracts," and "sues solely in a representative capacity it is not the 'real party to the controversy' for the purposes of diversity."); *see also S.N.D.A. v. Sonitrol Corp.*, No. C-08-2168 JL, 2008 WL 11408627 (N.D. Cal. June 4, 2008) (noting that "*Zee Medical* held that in its diversity analysis the court must look to the members' citizenship when (as is the case here) an incorporated association is suing *purely* on their members' behalf" and "*solely* on behalf of its members"; where corporate association "has *no stake* in the outcome of the litigation, other than the interests of its members . . . it is its members' citizenship, not [the corporation's,] which must establish diversity jurisdiction") (emphases added); *Airlines Reporting Corp. v. S and N Travel. Inc.,* 58 F.3d 857, 862 (2d Cir.1995) (plaintiff that was a collection agent for a consortium of air carriers was acting "merely as an agent representing the interests of others" and "did not seek to protect any corporate interests of its own," and therefore the air carriers were the "'real and substantial parties' to this controversy," and "their citizenship for diversity purposes"

ORDER DENYING
MOTION TO REMAND

- 5

controlled.). Where, as here, the corporate plaintiff is suing on behalf of its members, *but also to vindicate its own rights*, it cannot be said that it has "no stake in the outcome of the litigation." *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003) ("*OSGI*") (where plaintiff OGSI was suing on behalf of others, but also "suffered a pecuniary loss and is entitled to a portion of the damages award, . . . OGSI is not 'a mere conduit' but possesses a valid stake in the litigation sufficient to be considered a 'real and substantial' party for diversity purposes."). Under such circumstances, the corporation is a real party to the controversy, and there is simply no justification for piercing the corporate veil for jurisdictional purposes. *See ZMDA*, 23 F. Supp. 2d at 1155 ("[I]f this case involved the contractual rights of ZMDA itself, as a corporation, then the diversity inquiry would stop with the citizenship of the named parties.").

Here, there is no claim that Plaintiff is suing *solely* on behalf of its members. To the contrary, Plaintiff has clearly articulated that *it* suffered the injuries claimed. *See, e.g.,* Am. Compl., ¶ 27 ("The ongoing quality representation of the false certification stamp is deceptive and misleading, occurs in trade or commerce, impacts the public interest, and *causes injury to Fifteen Twenty-One Second Avenue Condominium Association's property* such that injunctive relief, damages, civil penalties, and attorney's fees are required.") (emphasis added). Although the unit owners voted to approve the bringing of this lawsuit, there is no evidence that anyone other than Plaintiff is the master of this litigation. Fjelstad Decl., ¶ 5; *see OSGI*, 337 F.3d at 195 (where agreement between plaintiff and other parties with an interest in the litigation gave plaintiff "the express power to act on their behalf" and authority to "take such action as it may deem to be necessary or appropriate," plaintiff "was clearly intended to be the 'master of the litigation'" and other parties' citizenship "is of no consequence to subject matter jurisdiction.").

ORDER DENYING
MOTION TO REMAND

- 6

More specifically, as Plaintiff points out, the Washington Condominium Act expressly gives Plaintiff authority to sue on its membership's behalf. RCW 64.38.020(4). In its original Complaint, Plaintiff claimed that it is the successor-in-interest to, and the assignee of, the rights being sued upon.[2] Compl., ¶ 2. There is no allegation that Defendants sold IGUs to the members, were directly engaged in a contractual or other relationship with them, or attempted to defraud the members themselves; the allegedly false representations were made to Plaintiff and/or its assignors. *See* Am. Compl., ¶ 29 ("In selling its falsely certified JS780 Gray IGUs, Viracon, LLC made fraudulent, consumer protection affirmative representations to Fifteen Twenty-One Second Avenue Condominium Association.").

Plaintiff has also failed to make an argument for why the limited exception to the rule, articulated in *Kuntz*, that a corporation's citizenship controls should be expanded to include the facts of this case. Plaintiff, if it prevails, may reimburse its members for their proportionate share of the cost of replacing the IGUs. This fact does not explain why the Court should consider the members' citizenship, any more than the Court should ever consider the citizenship of shareholders who stand to benefit from a successful lawsuit brought by the corporation whose

---

[2] The Amended Complaint, filed after removal, amended the allegation to state that Plaintiff's members (in addition to the Plaintiff) are assignees of rights belonging to the project developer, contractor, and subcontractors. Am. Compl. ¶ 2 ("Fifteen Twenty-One Second Avenue Condominium Association and each individual unit owner are also successors in interest to the developer/declarant of the Fifteen Twenty-One Second Avenue project and assignee of the project's developer/declarant's, general contractor's, and glazing subcontractor's rights against the defendants named herein."). This particular allegation was not contained in the original complaint upon which removal was based, and Defendants suggest the assignment to the members (if indeed there was one) was a sham or a collusive attempt to destroy this Court's subject matter jurisdiction. *See* Viracon's Opp., at 13-14. Plaintiff fails to respond to this accusation, to explain the mechanism by which its members became assignees of the original developer's and contractors' rights, or otherwise to make any effort to substantiate this bald assertion. Because the Court need not consider facts that were not extant at the time of removal, it rejects Plaintiff's claim that its members were assigned the original parties rights against Defendants here. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("Courts have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.") (citations omitted).

ORDER DENYING
MOTION TO REMAND

- 7

shares they hold. *See National Association of Realtors v. National Real Estate Association*, 894 F.2d 937, 939 (7th Cir.1990) ("If the defendants had . . . broken a contract they had with the association, the wrong would be to the association even though the loss resulting from it would be borne ultimately by the real estate agents who are its members."). In the absence of persuasive justification, the Court declines to do "what precedents have repeatedly cautioned against; that is, to complicate the inquiry at the threshold jurisdictional stage with fact intensive inquiries that would inevitably require additional court and party resources, before a case even gets started." *Parler, LLC v. Amazon Web Servs., Inc*., No. 2:21-CV-270, 2021 WL 4476918, at *7 (W.D. Wash. Sept. 30, 2021); *see Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010) ("Complex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims.").

      Finally, for the foregoing reasons, the Court also declines to consider the citizenship of IGCC's members for purposes of determining subject matter jurisdiction. IGCC is an incorporated entity, and thus its citizenship, *i.e.*, state of incorporation (Illinois) and principal place of business (New York), controls. 28 U.S.C. § 1332(c)(1). There is no evidence that IGCC is being sued as a mere nominal party. Based upon allegations in the Complaint (and the Amended Complaint), Plaintiff's claims are against the council, not its members, who of course have not been named in this lawsuit. *See, e.g*., Am. Compl., ¶ 23 ("IGCC failed and continues to fail to ensure the validity of its own IGCC stamp on Viracon, LLC's IGUs."). While IGCC and its members may be engaged in various relationships *(e.g.* as licensor/licensees), and a judgment against IGCC may have an impact on the membership, such circumstances are indistinguishable from the relationship of corporations and their shareholders generally. The IGCC, and not its

ORDER DENYING
MOTION TO REMAND

- 8

members, is the real party to the controversy, and its citizenship, and not its members', controls the jurisdiction question before the Court. Complete diversity exists in this case.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is DENIED.

DATED this 7th day of June, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING
MOTION TO REMAND

- 9