The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,
Plaintiff,

v.

VIRACON, LLC, a Minnesota limited liability company, APOGEE ENTERPRISES, INC., a Minnesota corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, INSULATING GLASS CERTIFICATION COUNCIL, INC., an Illinois corporation, and DOES 1-20,
Defendants.

NO. 2:23-cv-1999

**ORDER GRANTING IN PART AND DENYING IN PART VIRACON, LLC'S MOTION TO DISMISS**

## I.      INTRODUCTION

This matter comes before the Court on a Motion to Dismiss under Federal Rule 12(b)(6), filed by Defendant Viracon, LLC ("Viracon"), seeking dismissal of all claims against it.[1] Having reviewed the briefs filed in support of and in opposition to this motion, the Court finds and rules as follows.

---

[1] The other three Defendants in this case have also separately filed motions to dismiss, which the Court will address in forthcoming orders.

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 1

## II. BACKGROUND

This lawsuit concerns the 38-story building located at 1521 Second Avenue in Seattle, Washington. That building is owned by Plaintiff Fifteen Twenty-One Second Avenue Condominium Association, a homeowner's association composed of owners of the residential and commercial units in that building. Am. Compl., ¶¶ 12, 1. Plaintiff brings this lawsuit claiming that the double-paned Insulated Glass Units ("IGUs") that make up the exterior curtain wall of the 1521 Second Avenue building were defectively designed and constructed. More specifically, Defendant Viracon LLC ("Viracon"), which manufactured and distributed the IGUs installed in Plaintiff's building, used "gray structural silicone with a primary sealant," known as "JS780 Gray," manufactured and sold to Viracon by Defendant Quanex IG Systems, Inc. ("Quanex"). According to Plaintiff, the JS780 sealant "looks gray because it lacks Carbon Black, a component that protects from the sun's ultraviolet rays." Am. Comp., ¶ 14. Unlike sealant made with Carbon Black, JS780 Gray breaks down when exposed to ultraviolet rays. This process has caused the seal between some of the IGU panes at 1521 Second Avenue to fail and in some cases, the glass panes to shatter. As a result, according to Plaintiff, all of the approximately 7,850 IGUs at the 1521 Second Avenue building must be replaced. *Id.*, ¶ 60.

Now seeking to recover the cost of replacing the allegedly defective IGUs, Plaintiff asserts multiple state-law claims against various entities involved in their manufacture, marketing, and distribution. Plaintiff alleges that these Defendants were aware of the defects in the IGUs' construction, and conspired to actively conceal these known defects from Washington consumers. Am. Compl., ¶¶ 16-27. It further alleges that Defendants obtained a "false and misleading" "certification of quality" stamp on every IGU by Defendant Insulting Glass Certification Council,

Inc. ("IGCC"). *Id*. This order concerns the Motion to Dismiss, by which Viracon seeks dismissal of each of Plaintiff's claims against it.

### III.   DISCUSSION

**A.   Standards on a Motion to Dismiss Under Federal Rules 12(b)(6) and 9(b)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); 9(b). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570 ("[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim.").

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 3

A claim alleging fraud or "grounded in fraud" "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A motion to dismiss a fraud or fraud-based claim for failure to plead with particularity is evaluated under the same standard as one brought under Federal Rule 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted.") (citation omitted).

### B. Sixth Cause of Action: Washington Product Liability Act[2]

Viracon seeks dismissal of Plaintiff's Sixth Cause of Action, for Violation of the Washington Product Liability Act ("WPLA"). Am. Compl., ¶¶ 48-60. That statute establishes the liability of a manufacturer of a product that "was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCWA § 7.72.030(1). Viracon argues that this claim must be dismissed under the statute's economic loss exclusion, which bars recovery under the WPLA for purely economic losses. *See* RCW § 7.72.010(6) (authorizing recovery for "harm" that "includes any damages recognized by the courts of this state" but excluding "direct or consequential economic loss"); *see also Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wn. 2d 334, 351 (1992) ("The WPLA confines recovery to physical harm of persons and property and leaves economic loss, standing alone, to the Uniform Commercial Code.").

In determining whether the economic loss exclusion applies to a WPLA claim, Washington courts rely either upon the "risk of harm" test or an "evaluative approach." *Id*. The first test focuses on the manner in which the failure occurred; "[i]f the failure is the result of a

---

[2] The Court addresses Plaintiff's Causes of Action in the order that Viracon has argued for their dismissal.

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 4

sudden and dangerous event, it is remediable under tort principles" and cognizable under the WPLA. *Id*. Under the "evaluative approach," a court "examines interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose," and "proceeds on the theory that a product user should not have to suffer a calamitous event before earning his remedy in tort." *Id*. (citing *Washington Water Power Co. v. Graybar Elec. Co.*, 112 Wn.2d 847, 866–67 (1989)).

Viracon argues that Plaintiff's WPLA claim should be dismissed under either test. It focuses on Plaintiff's allegations that the IGUs are "leaking noble gas" and "increasing breakage pressure on glass panes," and argues that the injuries threatened by these alleged defects are anything but sudden and dangerous and do not pose the kind of risk compensable in tort. Viracon Mot. at 6 (citing Dkt. 1-1, ¶ 11[3]). In its Amended Complaint, however, Plaintiff has also alleged that "when the argon gas escapes the area between the IGU's lites of glass, the lites of glass experience increased pressure. The increased pressure leads to sudden shattering. This presents risk both inside and out of the building. For example, this building experienced an IGU shattering in a unit as high as the 35th floor." Am. Compl., ¶ 15. It further asserts the alleged defects "have caused, and will continue to cause, physical damage to the Fifteen Twenty-One Second Avenue building." *Id*., ¶ 55.

The Court concludes that at this early stage of this case, these allegations are sufficient, and specific enough, to survive a motion to dismiss. Under the "risk of harm" test, the allegations support Plaintiff's claim that the defects pose a risk of (and indeed, allegedly have caused) a "sudden and dangerous" event: the shattering of glass. *Id*., ¶ 15. Similarly, under the evaluative

---

[3] Viracon's citation is to the original complaint at Dkt. No. 1-1, not to the operative Amended Complaint, filed on January 25, 2024, at Dkt. No. 27.

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 5

1 approach, Plaintiff has alleged more than that "the product failed to meet the purchaser's
2 expectations, such as a gradual internal deterioration, or [that the product] was generally
3 defective," but has included allegations supporting an inference that the product might "suddenly
4 leak[], explode[], or [come] apart, such as a violent collision." *King Cnty. v. Viracon, Inc.*, 2019
5 WL 12043501, at *3 (W.D. Wash. Dec. 4, 2019) (citing *Nobl Park. LLC of Vancouver v. Shell Oil
6 Co.*, 95 P.3d 1265, 1271 (Wash. Ct. App. 2004).[4] Viracon's motion to dismiss Plaintiff's Sixth
7 Cause of Action based on the economic loss exclusion is denied.

### C. Fifth Cause of Action: Washington Condominium Act

Plaintiff's Fifth Cause of Action is for "Violations of the Washington Condominium Act" ("WCA"). Am. Compl., ¶¶ 44-47. That statute provides that a condominium "declarant" or "dealer" warrants that the units and common elements of a condominium are in "good condition" and "suitable for the ordinary uses of real estate of its type." RCWA § 64.34.445; § 64.34.020 (defining "declarant" and "dealer"). Viracon seeks dismissal of this cause of action, arguing that (1) it is neither a declarant nor dealer as defined in the statute and thus not subject to liability for violation of the WCA; and (2) Plaintiff's WCA claims are time-barred in any event.

Plaintiff does not dispute that Viracon is neither a declarant nor a dealer, but alleges that it, Plaintiff, is the assignee of any rights of indemnification that the original declarant had against Viracon. Am. Compl., ¶ 45. As Viracon points out, however, Plaintiff's Fifth Cause of Action

---

[4] Viracon argues that the IGU defects alleged in this case are the same defects alleged in *King County*, in which this Court dismissed the plaintiff's WPLA claim. The *King County* complaint, however, did not allege that sudden shattering was a risk created by the IGUs' defect, let alone an event that had actually occurred. The allegations in *King County* are therefore materially distinguishable from those presented here. *See King Cnty. v. Viracon, Inc.*, No. 2:19-CV-508-BJR, 2019 WL 12043501, at *4 (W.D. Wash. Dec. 4, 2019) ("King County has not alleged any risk to persons or significant risk to property.").

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 6

lays out neither the facts nor the law supporting an indemnification claim, but is, on its face, a direct claim for "Violations" of the WCA. *See id.* (claiming that "[b]y virtue of the Washington Condominium Act, Fifteen Twenty-One Second Avenue Condominium Association is the beneficiary of express and implied warranties concerning the Fifteen Twenty-One Second Avenue building being free from defective materials"). The Court is unable to discern an indemnification claim in this Cause of Action.

More critically, even if Plaintiff had stated a cognizable claim for indemnification, as Plaintiff itself acknowledges "[a] cause of action for indemnity does not begin to run until the party seeking indemnity is obligated to pay damages to a third party," an event which has not yet occurred (and may never occur) in this case. Pl.'s Opp. at 10 (citing *Sabey v. Howard Johnson & Co.*, 101 Wn. App. 757 (2000)). By Plaintiff's own concession, therefore, even if Plaintiff had properly articulated a claim against Viracon for indemnity, it is a claim that has not yet accrued. Viracon's motion to dismiss Plaintiff's Fifth Cause of Action for lack of ripeness is, accordingly, granted.

**D. Third Cause of Action: Fraud**

Plaintiff's Fifth Cause of Action against Viracon is for fraud. Am. Compl., ¶¶ 36-39. Viracon seeks dismissal of this claim for failure to plead with particularity, as required under Federal Rule 9(b). Under that rule, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect

those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted, brackets in original)).

In support of its fraud claim, Plaintiff alleges that Viracon "made two sets of fraudulent affirmative representations on which Plaintiff relied to its detriment." *Id.*, ¶ 37. The first, Plaintiff alleges, took place on December 6, 2007, during a "mockup" at which Viracon represented "as equivalent choices for installation a black sealed IGU and one using the JS780 Gray for installation at the Fifteen Twenty-One Second Avenue building." *Id*. The second set of alleged misrepresentations occurred each time Viracon made a "delivery of batches of IGUs for installation on the Fifteen Twenty-One Second Avenue building." *Id.*, ¶ 38. At those times, Plaintiff alleges, "Viracon represented that the IGUs complied with the written specifications," but "knew that its IGUs . . . did not meet the specifications and would not last their anticipated useful life." *Id*. Plaintiff further alleges that "in reliance on these false representations, the building owners allowed the defective IGUs to be installed on the building." *Id*.

Given these allegations, the Court concludes that Plaintiff has pleaded its fraud claim with particularity sufficient to withstand a motion to dismiss. It has alleged the who (Viracon and its representatives), the what (representations regarding the quality and performance of the JS780 gray sealant), the when (on December 6, 2007 and at specific times of delivery), the where (at the mockup and at delivery of the IGUs to 1521 Second Avenue) and the how (by representing the equivalency of the gray and black sealants, and by delivering the IGUs subject to written

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 8

specifications). Additional details regarding these alleged events are as, or more, likely to be in Viracon's possession than in Plaintiff's as this stage. Plaintiff has also alleged that Viracon was aware that the alleged misrepresentations were false, and that Plaintiff relied on those representations to its detriment. The allegations are sufficient to put Viracon on notice of the nature of Plaintiff's claims and to allow it to fashion a defense. Viracon's motion to dismiss Plaintiff's fraud claims is denied.

### E. Fourth Cause of Action: Fraudulent Concealment

In its Fourth Cause of Action, Plaintiff asserts a claim for fraudulent concealment, asserting that "Viracon, LLC had a duty to disclose its knowledge of defects in the JS780 Gray IGUs," but "remained silent and concealed the risks and defects of which it was aware." Am. Compl., ¶¶ 40-43. Viracon seeks dismissal of this claim. It argues that Washington law recognizes a claim for fraudulent concealment only in limited circumstances (for example, for concealment of material defects by a seller of residential real estate) which are not presented here.

In response, Plaintiff argues that Viracon had a duty to disclose known defects, relying on law governing *negligent misrepresentation* and *product liability* claims. Pl.'s Opp. at 3-4 (quoting Washington Pattern Instruction 165.03, Negligent Misrepresentation—Failure to Disclose Information—Duty to Disclose; *Esparza v. Skyreach Equip., Inc.*, 103 Wn. App. 916, 935 (2000)). Plaintiff fails entirely to address Viracon's challenge to its claim for *fraudulent concealment* or explain how this claim would apply to its allegations in this case.

Under Washington law, a "claim for fraudulent concealment requires a plaintiff to show: (1) [that] the residential dwelling has a concealed defect; (2) the vendor has knowledge of the defect; (3) the defect presents a danger to the property, health, or life of the purchaser; (4) the

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 9

defect is unknown to the purchaser; and (5) the defect would not be disclosed by a careful, reasonable inspection by the purchaser." *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 204 (2008). The plain language of this common law claim would not apply to Viracon, which is not (or even alleged to be) a "vendor" of a residential dwelling, and Plaintiff has not cited, and the Court was unable to identify, a case applying a fraudulent concealment claim outside this limited context. The Court is unwilling to expand the scope of the state common law claim of fraudulent concealment, particularly in the absence of argument from Plaintiff why it should do so. Plaintiff's Fourth Cause of Action is, accordingly, dismissed.

**F.  Second Cause of Action: Washington Consumer Protection Act**

Viracon seeks dismissal of Plaintiff's Second Cause of Action, for violation of the Washington Consumer Protection Act ("CPA"), RCWA § 19.86.010 *et seq*. Am. Compl., ¶¶ 28-35. The elements of a CPA claim are well-established: a plaintiff must prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn. 2d 310, 316 (2020) (citations omitted).

Viracon argues Plaintiff's CPA claim should be dismissed on two distinct grounds. First, it correctly and undisputedly notes that "[w]here, as here, the unfair or deceptive practice alleged is fraud, [a CPA claim] is subject to the heightened pleading requirements of Rule 9(b)," and argues that Plaintiff has failed to plead the fraudulent conduct underlying its CPA claim with sufficient particularity. Viracon Mot. at 13; *see Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) (citations omitted). As the Court has already held, however, Plaintiff's fraud claim was sufficiently pled; it necessarily follows that the alleged fraudulent conduct underlying

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 10

its CPA claim has been as well. *See supra* § III.D.

Second, Viracon argues that even under Federal Rule 8's more lenient pleading standard, Plaintiff has failed to allege any act or practice affecting the public interest, an essential element of a CPA claim. The purpose of the CPA is not to remedy parties to an entirely private dispute, but to protect the public more generally. *Michael v. Mosquera-Lacy*, 165 Wn. 2d 595, 604 (2009) (citing RCW § 19.86.920). Thus to proceed on a CPA claim, a plaintiff must at a minimum allege that the defendant's actions "had the capacity to deceive a substantial portion of the public." *Young*, 196 Wn. 2d at 317. "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 790 (1986). When a complaint involves a private dispute, such as here, a court may look to several factors, including: "(1) whether the alleged acts were committed in the course of defendant's business; (2) whether the defendant advertised to the public in general; (3) whether the defendant actively solicited this particular plaintiff, indicating potential solicitation of others; (4) whether the plaintiff and defendant have unequal bargaining positions." *Michael*, 165 Wn. 2d at 604–05 (citing *Hangman Ridge*, 105 Wn. 2d at 790).

As Viracon points out, Plaintiff has not claimed that Viracon advertised to the public in general, or actively solicited Plaintiff. The Court concludes, however, that the actions that Plaintiff has alleged—including placing on every IGU the visible IGCC stamp carrying an allegedly false certification of quality—do have the capacity of deceiving Washington consumers more generally. As Plaintiff has alleged, the purpose of the stamp is "[t]o induce consumers to purchase IGUs," and "[o]n visual inspection of any IGU, a consumer can see the IGCC

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 11

certification representing that the specific IGU has passed testing requirements. The advertised purpose of the IGCC certification process is for the protection of consumers." Am. Compl., ¶¶ 18, 19. Plaintiff also alleges that "Washington consumers had a large volume of purchases and potential future purchases of Viracon, LLC IGUs with JS780 Gray misrepresenting quality through IGCC certification." *Id*., ¶ 24. These allegations implicate the public, not just Plaintiff's specific purchase. Thus, as alleged, Plaintiff's claims raise the possibility "that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge*, 105 Wn. 2d at 790. Viracon's motion to dismiss Plaintiff's CPA claim for failure to allege the public interest element is denied.

### G. First Cause of Action: Civil Conspiracy

Finally, Viracon asks the Court to dismiss Plaintiff's First Cause of Action, for "Civil Conspiracy to Violate, and Violation of, the Washington Consumer Protection Act." Am. Compl., ¶¶ 16-27. The Court rejects the first basis for Viracon's motion: that the civil conspiracy claim must fail because the CPA claim, upon which it is predicated, must be dismissed. As discussed above, the Court has denied Viracon's motion to dismiss the CPA claim.

Viracon's second proposed grounds for dismissal of the civil conspiracy claim is that Plaintiff has failed to adequately allege causation or damages. It focuses on Plaintiff's allegations concerning acts that occurred "*after* installation of the [] IGUs on the Fifteen Twenty-One Second Avenue building." Viracon's Mot. at 15 (quoting Am. Compl. ¶ 24[5]) (emphasis added by Viracon). Viracon argues that events that took place *after* installation of its IGUs could not logically have caused any of Plaintiff's claimed injuries. As Plaintiff points out, however, the

---

[5] The quoted language is actually found at ¶ 26 of the Amended Complaint.

ORDER RE: VIRACON'S
MOTION TO DISMISS

- 12

Amended Complaint also alleges that a Viracon design engineer was involved in a sham IGCC quality-certification process for the gray IGUs that were installed at 1521 Second Avenue. Am. Compl., ¶ 22. In addition, it alleges that "Viracon, LLC had delivered and allowed to be installed the JS780 Gray IGUs on the Fifteen Twenty-One Second Avenue building that both Viracon, LLC and IGCC . . . knew were not properly certified." *Id*., ¶ 26. These events are alleged to have taken place at some time *before* installation of the Viracon IGUs at Plaintiff's building. The "timeframe" as alleged is indeed "vague," as Viracon complains, but at the motion-to-dismiss stage, the allegations are sufficient under Federal Rule 8(a) to put Viracon on notice of the general basis for Plaintiff's civil conspiracy claim. Its motion to dismiss Plaintiff's First Cause of Action is therefore denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Viracon's Motion is GRANTED as to Plaintiff's Fifth Cause of Action (Washington Condominium Act) and Fourth Cause of Action (Fraudulent Concealment), which claims are accordingly DISMISSED with prejudice. Viracon's Motion as to Plaintiff's remaining causes of action is DENIED.

DATED this 11th day of September, 2024.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge