The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,
Plaintiff,

v.

VIRACON, LLC, a Minnesota limited liability company, APOGEE ENTERPRISES, INC., a Minnesota corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, INSULATING GLASS CERTIFICATION COUNCIL, INC., an Illinois corporation, and DOES 1-20,
Defendants.

NO. 2:23-cv-1999

**ORDER DENYING DEFENDANT IGCC'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW**

## I.   INTRODUCTION

This matter comes before the Court on (1) a Motion to Dismiss filed by Defendant Insulating Glass Certification Council, Inc. ("IGCC"), Dkt. No. 72; and (2) a Motion for *In Camera* Review filed by Plaintiff Fifteen Twenty-One Second Avenue Condominium Association ("Plaintiff"), Dkt. No. 79. Having reviewed the briefs filed in support of and in opposition to IGCC's and Plaintiff's motions, the Court finds and rules as follows.[1]

---

[1] Plaintiff did not file a reply brief in support of its Motion for *In Camera* Review.

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 1

## II.     BACKGROUND

This lawsuit concerns the 38-story building located at 1521 Second Avenue in Seattle, Washington, which is owned by Plaintiff Fifteen Twenty-One Second Avenue Condominium Association. Am. Compl., ¶¶ 12, 1, Dkt. No. 27. Plaintiff brings this lawsuit claiming that the double-paned Insulated Glass Units ("IGUs") that make up the exterior curtain wall of the 1521 Second Avenue building were defectively designed and constructed by Defendant Viracon LLC ("Viracon"). *Id.*, ¶¶ 6, 7.[2] The IGUs were made using a gray sealant, manufactured by Defendant Quanex IG Systems, Inc. ("Quanex"), that Plaintiff alleges is failing. By this lawsuit, Plaintiff seeks recovery of damages it claims are associated with failure of the IGUs in its building.

Defendant IGCC is a nonprofit trade association, incorporated in Illinois, with headquarters in New York State. Kent Decl., Dkt. No. 19-1, ¶ 2. It is "a private industry-wide self-regulatory group," composed of manufacturers, sellers, and others in the IGU industry. Am. Compl., ¶ 18. IGCC establishes standards for certification of the quality of IGUs, and "assesses compliance with those standards." *Id.*; Kent Decl., ¶ 4.

The metal spacer bar between panes on every IGU at Plaintiff's building bears a stamp intending to signify IGCC's certification of quality. Plaintiff alleges that "members of the IGCC rely upon the IGCC's product certification for purposes of advertising, selling, and distributing those certified products within the State of Washington." Am. Compl., ¶ 9. In this case, Plaintiff claims that the IGCC stamps on the IGUs at the 1521 Second Avenue building falsely represent that those IGUs meet IGCC standards, and that "IGCC failed to ensure the validity of its own

---

[2] The Court recently dismissed Viracon's parent company Apogee, Inc. for lack of personal jurisdiction. *See* Dkt. No. 97.

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 2

IGCC certification stamp on Viracon, LLC's IGUs by confirming that the certification stamp was being used pursuant to legitimate testing." *Id*., ¶¶ 18, 23, 24.

### III. DISCUSSION

**A. Standards on a Motion to Dismiss**

**1. Federal Rule 12(b)(2)**

When a defendant invokes Federal Rule of Civil Procedure 12(b)(2) in a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd*., 328 F.3d 1122, 1128–29 (9th Cir. 2003). A plaintiff builds a *prima facie* case by stating facts that, if true, would support the court's exercise of jurisdiction. *Id*. at 1129. Although a plaintiff cannot simply rest on the bare allegations in the complaint, the court must accept uncontroverted allegations in the complaint as true, and conflicts between parties over statements in affidavits must be resolved in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). The Washington Consumer Protection Act ("CPA"), under which Plaintiff brings its sole cause of action against IGCC, contains its own long-arm provision, which "extends the jurisdiction of Washington courts to persons outside its borders" and "is intended to operate to the fullest extent permitted by due process." *State v. LG Elecs., Inc.*, 185 Wn. App. 394, 410 (2015), aff'd, 186 Wn. 2d 169 (2016) (citation omitted). Thus, the Court's "inquiry centers on whether exercising jurisdiction comports with due process." *Picot*, 780 F.3d at 1211. Due process,

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 3

in turn, "requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *Int'l Shoe Co. v. Wash*., 326 U.S. 310, 316 (1945)); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### 2. Federal Rules 12(b)(6) and 9(b)

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570 ("[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim.").

A claim alleging fraud or "grounded in fraud" "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A motion to dismiss a fraud or fraud-based claim for failure to plead with particularity is evaluated under the same standard as one brought under Federal Rule 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted.") (citation omitted).

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 4

**B. Specific Jurisdiction: Whether Plaintiff Has Sufficiently Stated Facts Supporting Element of "Purposeful Direction"[3]**

The Ninth Circuit employs a three-part test to assess whether a party has sufficient minimum contacts with the forum state to subject it to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Picot*, 780 at 1211 (quoting *Schwarzenegger*, 374 F.3d at 802). Plaintiff has the burden of demonstrating the first two elements, after which the defendant must show exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

**1. The *Calder* "Effects" Test: Whether IGCC Committed an Intentional Act Expressly Aimed at Washington**

Under the test outlined above, a plaintiff asserting a claim sounding in tort must first establish that the defendant "purposefully directed" its activities toward the forum state. *Schwarzenegger*, 374 F.3d at 802. The purposeful direction requirement is analyzed under the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). The elements of the *Calder* effects test require Plaintiff to have sufficiently alleged that IGCC: (1) committed an intentional act, (2) expressly aimed at Washington, (3) that caused harm that IGCC knew was likely to be

---

[3] Plaintiff has not argued (nor given the allegations in the Amended Complaint could it reasonably argue) that this Court has general jurisdiction over IGCC.

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 5

suffered in Washington. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

**2. Whether Plaintiff Has Alleged Facts Sufficient Under *Calder* to Establish Jurisdiction**

Plaintiff's First Cause of Action, which is its only claim against IGCC, is for "Civil Conspiracy to Violate, and Violation of, the Washington Consumer Protection Act." Am. Compl., ¶¶ 16-27. Plaintiff claims that IGCC (along with its codefendants) was part of a conspiracy involving the "false and misleading certification of quality" of the IGUs at issue. Am. Compl., ¶ 17. Plaintiff alleges:

> Due to the fact that an IGCC president was also simultaneously a Viracon, LLC executive, IGCC failed to ensure the validity of its own IGCC certification stamp on Viracon, LLC's IGUs by confirming that the certification stamp was being used pursuant to legitimate testing. From the start of the false IGCC certification and continuing to this day, and knowing that its certifications were falsely informing the end user and general public of the IGUs quality certification, the IGCC failed and continues to fail to ensure the validity of its own IGCC stamp on Viracon, LLC's IGUs.

*Id*., ¶ 23. Plaintiff further alleges that IGCC and its codefendants "are each aware of this false consumer protection certification and have agreed to perpetuate the ongoing misrepresentation by failing to notify consumers that the certification is false." *Id*., ¶¶ 17, 26 ("IGCC failed to issue any sort of consumer notice indicating that its IGCC certification was invalid.").

IGCC argues that it "has neither purposely directed activities at Washington nor availed itself of the privilege of conducting business in Washington," and that Plaintiff has failed to allege otherwise. The Complaint asserts, however, that "members of the IGCC rely upon the IGCC's product certification for purposes of advertising, selling, and distributing those certified products within the State of Washington." Am. Compl., ¶ 9. Plaintiff claims that IGCC "failed to ensure the validity of its own IGCC certification stamp on Viracon IGUs" that were sold to and allegedly

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 6

harmed Washington consumers. Am. Compl., ¶ 23. Every one of the approximately 7,850 IGUs comprising the curtainwall of Plaintiff's building bears the IGCC stamp of quality; indeed, Plaintiff has alleged that "[t]he IGCC certification forms a basis of reliance that the IGUs will comply with the building energy efficiency requirements necessary for LEED certification, the Seattle Building Code requirements at section 502.1.5, [and] Washington State Building Codes," and explicitly alleges that it "required that the IGUs be 'permanently marked'" with that stamp. Am. Compl., ¶¶ 18, 19. From these allegations, one may reasonably infer that Plaintiff's decision to install Viracon's IGUs on its building was dependent upon IGCC's certification of quality.

Plaintiff further claims that as it turned out, that certification was false. *Id.*, ¶ 17. This claimed falsehood allegedly caused a harm that Plaintiff sufficiently alleges IGCC knew was likely to be suffered in Washington. According to the Amended Complaint, IGCC knew "that its certifications were falsely informing the end user," including Plaintiff and other Washington consumers, "of the IGUs quality certification," yet allowed Viracon's IGUs to carry the IGCC stamp of quality. Am. Compl., ¶ 23. These allegations make out a *prima facie* case of "purposeful direction" under *Calder* sufficient to establish this Court's jurisdiction over IGCC in this case.

**C. Motion to Dismiss under 12(b)(6)**

Having determined that the Court has personal jurisdiction over IGCC, the Court next turns to the sufficiency of Plaintiff's pleading. Plaintiff's claim against IGCC is for civil conspiracy, which "exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means." *Corbit v. J.I. Case Co.*, 70 Wn. 2d 522, 424 P.2d 290, 295 (1967). A plaintiff "must show that the alleged

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 7

coconspirators entered into an [a]greement to accomplish the object of the conspiracy." *Id.*

IGCC seeks dismissal of this claim for failure to plead with particularity, required under Federal Rule 9(b), which Plaintiff does not dispute applies. Under that rule, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted, brackets in original)).

The Court concludes that Plaintiff's allegations outline the "who, what, when, where, and how" of the alleged misconduct, sufficient to put IGCC on adequate notice of its claim and withstand IGCC's motion to dismiss. Plaintiff avers that IGCC, acting through its president, a Viracon engineer, was aware of the falsity of the IGCC certification stamped on Viracon IGUs.[4] Am. Compl., ¶ 17 ("Each IGU on the Fifteen Twenty-One Second Avenue building is stamped with a false and misleading certification of quality, allegedly from an independent third party, namely defendant IGCC. . . . [Defendants, including] IGCC are each aware of this false consumer

---

[4] IGCC objects that Plaintiff fails to allege that the Viracon engineer was at relevant times acting in his capacity as the IGCC president. As Plaintiff points out, however, "[k]nowledge of officers and employees of a corporation relative to the subject matter of litigation is imputed to the corporation." Pl.'s Opp. at 11 (citing *Diaz v. Wash. State Migrant Council*, 165 Wn. App. 59, 80 (2011)).

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 8

protection certification."). Plaintiff further alleges that IGCC, along with its codefendants, "agreed to perpetuate the ongoing misrepresentation by failing to notify consumers that the certification is false." *Id*., ¶ 17. In sum, Plaintiff alleges that IGCC set certain standards of quality, failed to ensure that IGUs bearing IGCC's stamp met those standards, knew in particular here that the certification of quality stamped on Viracon's IGUs was false and, along with other Defendants party to the alleged conspiracy, failed to inform consumers of this falsity. IGCC is correct that Plaintiff has not stated facts supporting the "when" or "where" of this failure, but it would be illogical to require Plaintiff to allege the "when" or "where" of a non-event. While Plaintiff will ultimately bear the burden of presenting evidence demonstrating that the alleged "coconspirators entered into an [a]greement to accomplish the object of the conspiracy," it has at this point provided enough detail to put IGCC on notice of its claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant IGCC's Motion to Dismiss is DENIED. Plaintiff's Motion for *In Camera* Review is also DENIED as moot.

DATED this 7th day of October, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING IGCC'S
MOTION TO DISMISS

- 9