The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,

Plaintiff,

v.

VIRACON, LLC, a Minnesota limited liability company, APOGEE ENTERPRISES, INC., a Minnesota corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, INSULATING GLASS CERTIFICATION COUNCIL, INC., an Illinois corporation, and DOES 1-20,

Defendants.

NO. 2:23-cv-1999

**ORDER DENYING QUANEX IG SYSTEMS, INC.'S SECOND MOTION TO DISMISS**

## I.   INTRODUCTION

This matter comes before the Court on a Motion to Dismiss under Federal Rule 12(b)(6), filed by Defendant Quanex IG Systems, Inc. ("Quanex"). Dkt. No. 74. Having reviewed the briefs filed in support of and in opposition to this motion, the Court finds and rules as follows.

## II.   BACKGROUND

This lawsuit concerns the 38-story building located at 1521 Second Avenue in Seattle, Washington. That building is owned by Plaintiff Fifteen Twenty-One Second Avenue Condominium Association ("Plaintiff"), a homeowner's association composed of owners of the

ORDER - 1

residential and commercial units in that building. Am. Compl., ¶¶ 12, 1. Plaintiff brings this lawsuit claiming that the double-paned Insulated Glass Units ("IGUs") that make up the exterior curtain wall of the 1521 Second Avenue building were defectively designed and constructed. More specifically, Defendant Viracon LLC ("Viracon"), which manufactured and distributed the IGUs installed in Plaintiff's building, used "gray structural silicone with a primary sealant," known as "JS780 Gray," manufactured and sold to Viracon by Quanex. According to Plaintiff, the JS780 sealant "looks gray because it lacks Carbon Black, a component that protects from the sun's ultraviolet rays." Am. Comp., ¶ 14. Unlike sealant made with Carbon Black, JS780 Gray breaks down when exposed to ultraviolet rays. This process has caused the seal between some of the IGU panes at 1521 Second Avenue to fail and in some cases, the glass panes to shatter. As a result, according to Plaintiff, all of the approximately 7,850 IGUs at the 1521 Second Avenue building must be replaced. *Id*., ¶ 60.

      Now seeking to recover the cost of replacing the allegedly defective IGUs, Plaintiff asserts multiple state-law claims against various entities involved in their manufacture, marketing, and distribution. Plaintiff alleges that these Defendants were aware of the defects in the IGUs' construction, and conspired to actively conceal these known defects from Washington consumers. Am. Compl., ¶¶ 16-27. It further alleges that Defendants obtained a "false and misleading" "certification of quality" stamp on every IGU by Defendant Insulting Glass Certification Council, Inc. ("IGCC"), and subsequently met and agreed among each other, in writing, not to alert IGU purchasers in Washington that the certification of quality was false. *Id*. By the instant motion, Quanex seeks dismissal of Plaintiff's sole claim against it, for "Civil Conspiracy to Violate, and

ORDER
- 2

1  Violation of, the Washington Consumer Protection Act." Am. Compl., ¶¶ 16-27.[1]

2  III.   DISCUSSION

3  **A. Standard on a Motion to Dismiss Under Federal Rules 12(b)(6) and 9(b)**

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) ("[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim.").

A claim alleging fraud or "grounded in fraud" "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A motion to dismiss a fraud or fraud-based claim for failure to plead with particularity is evaluated under the same standard as one brought under Federal Rule 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted.") (citation omitted).

**B. Whether Fraudulent Activity is Sufficiently Pled**

Plaintiff's First Cause of Action, and its only claim against Quanex, is for civil conspiracy,

---

[1] This is Quanex's second Motion to Dismiss. Its first, which the Court denied on June 25, 2024, was for lack of personal jurisdiction, which the Court determined it had. *See* Order Denying Quanex's Motion to Dismiss, Dkt. No. 65.

ORDER
- 3

which "exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means." *Corbit v. J.I. Case Co.*, 70 Wn. 2d 522, 424 P.2d 290, 295 (1967). To prevail, a plaintiff "must show that the alleged coconspirators entered into an [a]greement to accomplish the object of the conspiracy." *Id*. Plaintiff has asserted this cause of action against all Defendants, related to the IGCC quality certification of the IGUs installed in Plaintiff's building, which certification Plaintiff claims is false. Plaintiff alleges that Defendants were "each aware of this false consumer protection certification and have agreed to perpetuate the ongoing misrepresentation by failing to notify consumers that the certification is false." Am. Compl., ¶ 17.

Quanex seeks dismissal of this claim for failure to plead with particularity, required under Federal Rule 9(b). Under that heightened pleading standard, which Plaintiff does not dispute applies, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted, brackets in original)).

In its motion, Quanex asserts that Plaintiff's "sole allegation" regarding Quanex's involvement in the alleged conspiracy is that "after the installation of the . . . IGUs on the Fifteen

ORDER
- 4

Twenty-One Second Avenue building, Viracon, LLC, Apogee Enterprises, Inc., and Quanex IG Systems, Inc. met and agreed in writing to conceal from consumers, including Fifteen Twenty-One Second Avenue Condominium Association, the known seal failure defects and the false Insulating Glass Certification Council, Inc. certification." Quanex Mot. to Dismiss at 5, citing Am. Compl. ¶¶ 24, 26. According to Quanex, Plaintiff has failed to provide factual detail regarding when the agreement took place, what misrepresentations were made, or which specific people acting on behalf of Quanex were involved.

In a prior order denying a motion to dismiss filed by Defendant IGCC, however, the Court concluded that Plaintiff's allegations do in fact outline the "who, what, when, where, and how" of the alleged misconduct, sufficient to withstand IGCC's challenge. *See* Order Denying IGCC's Mot. to Dismiss, at 8, Dkt. No. 98 ("IGCC Order"). The Court concludes that these allegations are also sufficiently particular to put Quanex on adequate notice of Plaintiff's claim. Quanex's characterization of the allegation quoted above as Plaintiff's "sole allegation" regarding Quanex's involvement is inaccurate. Plaintiff has also alleged that "[e]ach IGU on the Fifteen Twenty-One Second Avenue building is stamped with a false and misleading certification of quality," and that Quanex, along with the other Defendants, was "aware of this false consumer protection certification and [has] agreed to perpetuate the ongoing misrepresentation by failing to notify consumers that the certification is false." Am. Compl., ¶ 17. It asserts that "Quanex IG Systems Inc. specifically designed the JS780 Gray sealant for the purpose of enabling IGU's to pass IGCC testing and certification," which it allegedly knew was "false." *Id.*, ¶ 24. Further, "[w]ith this specific knowledge that the IGCC certification of JS780 Gray IGUs was misleading, and with knowledge that consumers in Washington had warranty rights for which Quanex IG Systems, Inc. would have economic obligation to indemnify, Quanex IG Systems, Inc. agreed to perpetuate the

ORDER

- 5

false IGCC certification to Washington consumers and suppress and conceal the truth as confidential." *Id*. These allegations provide enough information for Quanex to defend itself against Plaintiff's claims.

In its challenge to Plaintiff's civil conspiracy claim, Quanex also argues that Plaintiff's pleadings suffer from failure to plead causation and damages. The Court has already reviewed and rejected the same argument Quanex now makes: that the conspiracy could not have caused Plaintiff's damages because the alleged agreement to conceal the IGU defects was entered into *after* installation of IGUs on Plaintiff's building. *See* Order Granting in Part Viracon's Mot. to Dismiss, at 12-13, Dkt. No. 95 ("Viracon Order"). In the Viracon Order, which among other things denied Viracon's motion to dismiss Plaintiff's civil conspiracy claim, the Court observed that the Amended Complaint described events "alleged to have taken place at some time *before* installation of the Viracon IGUs at Plaintiff's building." *Id*. (highlighting Plaintiff's allegation that "a Viracon design engineer was involved in a sham IGCC quality-certification process for the gray IGUs"). Thus Plaintiff has alleged that the conspiracy that caused it harm began before installation, though events comprising the alleged conspiracy may have continued after that point. Plaintiff has, accordingly, adequately alleged facts supporting the causation and damages elements of its conspiracy claim.

### C. Whether Plaintiff Had Adequately Pled Elements of CPA Violation Underlying Conspiracy Claim

In its final challenge to the sufficiency of Plaintiff's pleading, Quanex argues that Plaintiff's claim for civil conspiracy to violate the CPA must be dismissed because Plaintiff has failed to adequately plead the elements of the underlying CPA claim. Specifically, Quanex argues that Plaintiff has failed to allege facts supporting either causation, or the CPA's public interest

ORDER
- 6

element.

Again, the Court has already ruled in Plaintiff's favor on these issues. With regard to the CPA's public interest element, the Court recently held that Plaintiff's "allegations implicate the public, not just Plaintiff's specific purchase. Thus, as alleged, Plaintiff's claims raise the possibility 'that additional plaintiffs have been or will be injured in exactly the same fashion.' Viracon's motion to dismiss Plaintiff's CPA claim for failure to allege the public interest element is denied." Viracon Order, at 11-12 (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 790 (1986)). This holding applies equally to Quanex's challenge to the public interest element supporting Plaintiff's civil conspiracy claim.

With regard to the causation element, Quanex argues that Plaintiff's civil conspiracy claims against it must fail because "Plaintiff does not allege that its defective windows were a result of any misrepresentations from Quanex." Mot. to Dismiss at 7. This argument reflects a misunderstanding of a civil conspiracy claim. As the Court has already observed, a plaintiff need not allege and prove that the civil conspiracy defendant itself committed every element of the underlying wrongful act; it need only demonstrate that that defendant joined in an effort "to accomplish an unlawful purpose or . . . some purpose not in itself unlawful by unlawful means." *See* IGCC Order at 7 (quoting *Corbit v. J.I. Case Co.*, 70 Wn. 2d 522, 424 P.2d 290, 295 (1967)); *see also Eyak River Packing Co. v. Huglen*, 143 Wash. 229, 234 (1927). ("Every person who enters into a conspiracy, no matter whether at its beginning or at a later stage of its progress, is in law a party to every act of the conspirators, and is liable for all of the acts done in pursuance of the conspiracy in the same manner that they would be had they been a party to all of the wrongful acts."). Furthermore, contrary to Quanex's claim, Plaintiff has in fact alleged, as referenced above, that Quanex was aware the IGCC certification was false, and deceived consumers by

ORDER
- 7

perpetuating that alleged falsehood. These allegations are sufficient at this stage to withstand Quanex's Motion to Dismiss.

### IV.    CONCLUSION

For the foregoing reasons, Defendant Quanex's second Motion to Dismiss is DENIED.

DATED this 17th day of October, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER
- 8