ERIC S. FISHER (WSBA #49443)
efisher@btlaw.com
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

*Attorney for Specially Appearing
Defendant Quanex IG Systems, Inc*.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
at SEATTLE

FIFTEEN TWENTY-ONE SECOND
AVENUE CONDOMINIUM
ASSOCIATION, a Washington non-profit
corporation,

                      Plaintiff,

v.

VIRACON, LLC a Minnesota limited liability
company; APOGEE ENTERPRISES, INC., a
Minnesota corporation; QUANEX IG
SYSTEMS, INC., an Ohio corporation;
INSULATING GLASS CERTIFICATION
COUNCIL, an Illinois not-for-profit
corporation,

                      Defendants.

Case No. 2:23-cv-01999-BJR

**STIPULATED PROTECTIVE ORDER**

**1.   PURPOSE**

Disclosure and discovery activity in this Litigation, (as defined below), may involve the disclosure of confidential, proprietary, financial, private, or personal information for which special protection from public disclosure (and from use of any purpose other than prosecuting this litigation) is warranted. To facilitate the production and exchange of such information in this Litigation that is not in the public domain and is protected from disclosure under State or federal law as confidential, proprietary, financial, private, or personal information, all parties to this action (collectively, the "Parties") by and through their attorneys of record, stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").

**2.     DEFINITIONS**

       **2.1**    **Litigation:** The above-entitled proceeding *Fifteen Twenty-One Second Avenue Condominium Assoc. v. Viracon, LLC et al.*, 2:23-cv-01999-BJR, pending in the U.S. District Court for the Western District of Washington.

       **2.2**    **Party:** Any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, assignors, assignees, and outside counsel of record (and their support staff).

       **2.3**    **Litigation Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are used, served, produced, disclosed, or generated in this Litigation. Litigation Material includes all documents or information derived from other Litigation Material, all copies, abstracts, excerpts, analyses, or summaries thereof, and all deposition and hearing transcripts in this Litigation.

       **2.4.**    **"CONFIDENTIAL" Information:** Litigation Material that the Designating Party contends, in good faith, contains, reflects, refers to, or discloses confidential, financial, business, or proprietary information.

       **2.5**    **"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Information:** Litigation Material that the Designating Party, in good faith, contends is either of a highly competition-sensitive nature or of a highly personal nature.

       **2.6.**    **Receiving Party:** A Party or nonparty that receives Litigation Material.

       **2.7.**    **Producing Party:** A Party or nonparty that produces Litigation Material.

       **2.8.**    **Designating Party:** A Party or nonparty that designates Litigation Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

       **2.9.**    **Protected Litigation Material:** Any Litigation Material in this Litigation subject to this Protective Order that the Designating Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

       **2.10**    **Challenging Party:** A Party or nonparty that challenges the designation of Litigation Material.

**2.11. Outside Counsel:** Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation and who are identified on the pleadings.

**2.12. House Counsel:** Attorneys who are employees of a Party.

**2.13. Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.14. Consultant or Expert:** A person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.15. Professional Vendors:** Persons or entities that provide litigation support services in this Litigation (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

This Protective Order shall govern all Litigation Material used, served, produced or disclosed by a Producing Party in this Litigation. The protections conferred by this Protective Order cover not only Litigation Material, but also all copies or excerpts, and testimony or presentations by the Parties or their Counsel, or in court or in other settings where the Litigation Material is expressly identified.

This Protective Order does not apply to documents otherwise lawfully available to the Parties outside the context of this Litigation.

Any named defendant or cross-defendant that has not yet appeared, or any presently unnamed plaintiff, defendant, cross-complainant, or cross-defendant that may later appear, can be bound by this Protective Order by executing and serving on all Parties the "Agreement to Be Bound by Protective Order," attached as Attachment "A."

### 4. **LIMITATIONS**

The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the Litigation Material that is entitled under the applicable legal principles to treatment as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY." The Parties further acknowledge, as set forth in Section 11, below, that this Protective Order creates no entitlement to file "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Litigation Material under seal; the Federal and local rules set forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 5. **DURATION**

Even after the termination of this Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court retains jurisdiction over this Litigation for purposes of enforcing and interpreting this Protective Order.

### 6. **DESIGNATING PROTECTED LITIGATION MATERIALS**

**6.1.   Manner and Timing of Designations:** Litigation Material that qualifies for protection under this Protective Order must be clearly so designated before the Litigation Material is disclosed or produced. In the event that any Party or nonparty wishes to retroactively designate Litigation Material such Party or nonparty shall notify the other Party(s) and nonparty(ies) in writing, identifying such Litigation Material by Bates Stamp number or by providing other identifying information, and shall indicate for each item of Litigation Material, whether the item is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY."

Designation (except for retroactively designated materials as noted above) in conformity with this Protective Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" on each page that contains Protected

Litigation Material. If only a portion or portions of the Litigation Material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) of the Protected Litigation Material.

(b) For testimony given in deposition or other pre-trial proceedings, Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition or pre-trial proceeding that particular testimony shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" and the bases of that designation, *or* by designating the deposition transcript or pre-trial hearing transcript, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" within 30 days after receipt of the transcript, with the basis for any such designation. Only those portions of the testimony that are appropriately designated for protection within the 30 day period shall be covered by the provisions of this Protective Order.

The court reporter must affix to the top of each transcript page containing Protected Litigation Material the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" as instructed by the Designating Party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY." If only a portion of the Litigation Material warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion.

**6.2.    Failures to Designate:** If timely corrected, a failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such Litigation Material. If Litigation Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" after the Litigation Material was initially used, served, produced, or disclosed,

the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Litigation Material is treated in accordance with the provisions of this Protective Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1. **Timing of Challenges:** A Party never waives its right to challenge a confidentiality designation. Accordingly, a Party is not required to challenge a designation of confidentiality after the original designation is made.

    7.2. **Meet and Confer:** If an objection to a designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" is made, counsel for the Challenging Party shall set forth its objections in writing to Counsel for the Designating Party and, thereafter, Counsel shall meet and confer in a good faith effort, within five days of receiving the written objection, to resolve their differences.

    7.3. **Judicial Intervention:** If the meet and confer does not resolve the Challenging Party's objections, the Challenging Party must, within no more than 14 days after the meet and confer, file a motion to challenge confidentiality of the designation (and in compliance with the Federal and local rules and the Court's Standing Order). Each such motion must be accompanied by a competent declaration that affirms that the meet and confer requirements imposed in the preceding paragraph have been met. The burden of persuasion in any such proceeding shall be on the Designating Party to make the showing required to maintain the confidentiality of the Litigation Material. Until the Court rules on the challenge, all parties shall continue to treat the Litigation Material in question as "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

8. **ACCESS TO AND USE OF PROTECTED LITIGATION MATERIAL**

    8.1. **Basic Principles:** A Receiving Party may use Litigation Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Litigation Material may be disclosed only to categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of

Section 12, below. Litigation Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**8.2.    Disclosure of "CONFIDENTIAL" Information:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

(a)    Any Party to this lawsuit;

(b)    The Receiving Party's Outside Counsel of record, as well as employees to whom it is reasonably necessary to disclose the information for this litigation;

(c)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation;

(d)    Consultants or Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided the Consultant or Expert signs an "Agreement to Be Bound by Protective Order" (Attachment "A") – note that, even where Attachment "A" is executed, the Receiving Party has the right to keep the names of such Consultants or Experts undisclosed;

(e)    The Court and its personnel, only in the manner provided in Paragraph 11 of the Protective Order;

(f)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation who are to sign the "Agreement to Be Bound by Protective Order" (Attachment "A");

(g)    Deposition witnesses or witnesses who have been identified in a written discovery response by either party or by a witness during a deposition, and to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Attachment "A"). To the extent a deposition commences and the witness does not agree to be bound by this Protective Order, the deposition may continue (without divulging Confidential Information to the witness) and then be adjourned to allow a Party to seek a court order binding the witness to this Protective Order, after which the deposition shall continue.

(h)     The author or recipient of the document or the original source of the information.

**8.3    Disclosure of "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Information:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" only to:

(a)     The Receiving Party's Outside Counsel, as well as employees of that Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Consultants or Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that the Consultant or Expert shall signs an "Agreement to Be Bound by Protective Order" (Attachment "A") – note that, even where Attachment "A" is executed, the Receiving Party has the right to keep the names of such Consultants or Experts undisclosed;

(c)     The Court and its personnel, only in the manner provided in Paragraphs 11 of the Protective Order;

(d)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation who are to sign the "Agreement to Be Bound by Protective Order" (Attachment "A"); and

(e)     The author or recipient of the document or the original source of the information.

**8.4    Depositions:** If any Party or non-party uses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" Litigation Materials during a deposition, that part of the deposition record reflecting such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY," respectively, and access to it shall be limited under the other terms of this Protective Order. No person shall be present during portions of the depositions so designated unless he/she is authorized under the terms of this Protective Order. Nothing contained in this Protective Order shall limit or inhibit the use of depositions in connection with any evidentiary hearing or in support of a motion to be filed with the Court subject to Section 11 below.

**8.5    Hearings:**    Any information deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" that is revealed in the course of a hearing is also subject to this Protective Order. No such information shall be revealed in hearings or otherwise except in the manner provided herein.

## 9. PROTECTED LITIGATION MATERIALS REQUESTED, SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION

If a Receiving Party is served with a request, subpoena or an order issued in another litigation that would compel disclosure of any Protected Litigation Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than 7 days after receiving the subpoena or order. Such notification must include a copy of the request, subpoena, or court order.

The Receiving Party also must inform in writing, within 7 days after receiving the subpoena or order, the party who caused the request, subpoena or order to issue in the other litigation that some or all of the material covered by the request, subpoena or order is the subject to this Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation that caused the subpoena or order to issue.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Litigation Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Litigation Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment "A."

## 11. FILING PROTECTED LITIGATION MATERIAL

The filing or other use of Protected Litigation Material in this Litigation is governed by the Federal and local rules. A Party that lodges with the Court, or seeks to use at trial or a hearing, materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE

COUNSEL ONLY" and who seeks to have the record containing such information sealed, must submit to the Court a motion to seal. A Party that lodges with the Court, or seeks to use at trial or a hearing, materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" who does not seek to have the record containing such information sealed, must comply with the requirements set forth in the Federal and local rules.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL AND CLAWBACK PROCEDURES

Any inadvertently produced privileged document will not be deemed to constitute a waiver in the pending case or in any other federal or state proceeding. When in conflict, the provisions of Washington law will be inapplicable to inadvertently produced privileged documents under this Order and the provisions of this Order will control.

**12.1 Notification and Challenge:** The production of any inadvertently produced privileged document will not be deemed to waive any privilege or work product protection either as to specific information in the inadvertently produced privileged document or as to any other information relating thereto or on the same or related subject matters. A Producing Party claiming production of any inadvertently produced privileged document shall promptly notify all relevant Receiving Parties. When a Producing Party gives notice to Receiving Parties that any inadvertently produced privileged document is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are:

(a) After being notified of a claim of privilege or of protection under subdivision, a party that received the information must immediately sequester the information and either return the specified information and any copies that may exist or present the information to the court conditionally under seal for a determination of the claim.

(b) Prior to the resolution of the motion brought under subdivision, a party is precluded from using or disclosing the specified information until the claim of privilege is resolved. A party who received and disclosed the information before being notified of a claim of privilege or of protection under subdivision must, after that notification, immediately take reasonable steps to retrieve the information.

(c) If the Receiving Party contests the legitimacy of a claim of privilege or protection, he or she may seek a determination of the claim from the court by making a motion within 30 days of receiving the claim and presenting the information to the court conditionally under seal. Until the legitimacy of the claim of privilege or protection is resolved, the Receiving Party

must preserve the information and keep it confidential and is precluded from using the information in any manner.

**12.2 Privilege Log:** The Producing Party claiming privilege or other protections for an inadvertently produced privileged documents must then provide within 15 business days of such notification a privilege log for the inadvertently produced privilege documents with the privileged or protected material redacted.

**12.3 Receiving Party's Discovery of Privileged Material:** While it remains the burden of the Producing Party to take reasonable measures to ensure that privileged documents are not produced and to monitor its own productions, in the event that a Receiving Party discovers a document that a reasonable person would understand to be inadvertently produced privileged document, the Receiving Party must promptly notify the Producing Party of what it believes to be the inadvertently produced privileged document (but no Receiving Party will be found in violation of this Order for failing to initially identify an inadvertently produced privileged document). Nothing in the foregoing sentence will be construed to release counsel from their obligations under applicable rules of professional conduct. The Producing Party must retain a copy of any inadvertently produced privileged document until the resolution or termination of this case, including any appeals. If a Producing Party is notified of potentially an inadvertently produced privileged document, then parties must follow the procedure set out in paragraph 12.1-12.2.

**12.4. Inadvertent Challenge Waiver:** Notwithstanding any other provision of this Order or governing law, the parties agree to waive any challenges as to whether a production was inadvertent; provided, however, that nothing in this provision is intended to narrow or modify the Federal Rules of Evidence. The parties reserve the right to argue a waiver has occurred based on failure to take reasonable steps to prevent disclosure if the Producing Party repeatedly discloses the same inadvertently produced privileged document on multiple separate occasions.

**12.5 During Depositions:** If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the Producing Party may (a) allow the document to be used

during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all parties will sequester all copies of the inadvertently produced document. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a notice pursuant to paragraph 12.1 within 15 business days of the deposition's conclusion, after which time the parties shall follow the procedures set forth in paragraphs 12.2-12.3. Pending determination of the dispute, all parties with access to the deposition transcript will treat the relevant testimony in accordance with paragraph 12.1.

**12.6 In Briefing:** If a Receiving Party uses produced material in a brief or at a hearing, and the Producing Party has not served a notice pursuant to paragraph 12.1 in advance of the briefing event or hearing, the Producing Party must serve a notice pursuant to paragraph 12.1 within 15 business days of the briefing event or hearing. Thereafter, the procedures set forth in paragraphs 12.2-12.3 will apply.

13.     **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this Litigation, each Receiving Party must return all Protected Litigation Material to the Producing Party. As used in this subdivision, "all Protected Litigation Material" include all copies or any other form of reproducing or storing the Protected Litigation Material. Only with permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Litigation Material instead of returning it. Whether the Protected Litigation Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Litigation Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies of the Protected

Litigation Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, expert reports and/or analysis, even if such materials contain Protected Litigation Material. Any such archival copies that contain or constitute Protected Litigation Material remain subject to this Protective Order as set forth in Section 5, above.

Further, and notwithstanding anything herein to the contrary, the Parties agree that deletion of electronic copies of the Protected Litigation Material produced by any other Party shall be subject to each Party's law firm's routine data backup and retention policies, and that the actual deletion of such Protected Litigation Material may occur as such backup media is overwritten and as part of such retention policies; provided that at all times in law firm's possession such Protected Litigation Material will be treated in accordance with the terms of this Protective Order.

13. **MISCELLANEOUS**

13.1. **Right to Further Relief:** Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. **Right to Assert other Objections:** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 24th day of January, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

# ATTACHMENT "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of _____ [entity/law firm name], located at _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Western District of Washington, on _____, 2024, in the case of *Fifteen Twenty-One Second Avenue Condominium Assoc. v. Viracon, LLC et al.*, 2:23-cv-01999-BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date:

City and State where signed:

Printed Name:

Signature: _____

Counsel for: _____