The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br>Plaintiff,<br><br>v.<br><br>VIRACON, LLC, a Minnesota limited liability company, APOGEE ENTERPRISES, INC., a Minnesota corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, INSULATING GLASS CERTIFICATION COUNCIL, INC., an Illinois corporation, and DOES 1-20,<br>Defendants. | NO. 2:23-cv-1999<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |

This matter comes before the Court on Plaintiff Fifteen Twenty-One Second Avenue Condominium Association's Motion to Compel. Plaintiff seeks an order directing Defendant Viracon, LLC to produce the work-issued laptop of Janda Bauman, Defendant's long-time sales representative in Washington. Defendant objects to the wholesale production and inspection of Bauman's laptop as unduly burdensome and overbroad, and claims that it would result in production of material that is irrelevant and confidential.

According to Viracon, on January 17, 2025, Plaintiff served 116 Requests for Production.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

- 1

Viracon's response to those requests was therefore due on or about February 17, 2025, only several days ago (and *after* Plaintiff filed this motion). Defendant represents to the Court that it has every intention of complying with its ethical obligations to fully and in good faith respond to Plaintiff's RFPs. *See* Def.'s Opp. at 1-2 (Viracon "agreed (as it is required) to search the laptop for information responsive to any document requests."). Viracon has also represented to the Court that although Bauman received a new laptop in July 2024, it has preserved the contents of Bauman's older laptop, assuring the Court no spoliation has occurred. *Id*., at 3 ("Viracon employees, including Ms. Bauman, received new laptops in July 2024 and counsel agreed to confirm the contents of the former laptop were preserved."). In its motion, Plaintiff has failed to allege any facts disputing these representations or otherwise supporting its suspicion that Defendant is improperly withholding discoverable material responsive to the RFPs that are contained on Bauman's laptop.

      Accordingly, it appearing to the Court that Defendant's production in response to Plaintiff's January 17 RFPs may obviate the need for the Court's intervention on this dispute, the Court denies Plaintiff's Motion to Compel. If Plaintiff, after reviewing documents Defendant has produced, continues to believe that material is being improperly withheld, it may then, after meeting and conferring with Defendant in a reasonable attempt to resolve its concerns, contact the Court as prescribed in the Court's Standing Order. Until that time, this motion is denied as premature and, the Court hopes, unnecessary.

      Defendant has requested that the Court assess sanctions against Plaintiff for bringing this motion. This motion is at best premature, but there is no evidence before the Court that it was brought in bad faith, and sanctions are not warranted at this time.

1 | DATED this 25th day of February, 2025.

*Barbara J Rothstein*
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

- 3