The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br>Plaintiff,<br><br>v.<br><br>VIRACON, LLC, a Minnesota limited liability company, et al.,<br>Defendants. | NO. 2:23-cv-1999<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF BRUCE KASKEL** |

 This matter comes before the Court on Plaintiff Fifteen Twenty-One Second Avenue Condominium Association's Motion to Compel the Deposition of Bruce Kaskel. Since 2008, Kaskel has been a member of the Board of Governors of Defendant Insulating Glass Certification Council, Inc. ("IGCC"), which opposes the Motion. Having reviewed the Motion and briefs filed in support of and in opposition thereto, the Court grants the Motion.

 The gravamen of Plaintiff's complaint is that Defendants manufactured Insulating Glass Units ("IGUs"), installed in the Fifteen Twenty-One Second Avenue building, using a sealant that ultimately failed. Plaintiff alleges, among other things, that the trade association IGCC falsely certified to the public that the IGUs at issue met a certain standard of quality when in actuality,

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL

- 1

Plaintiff claims, they did not. Plaintiff seeks testimony from Kaskel, who is allegedly "responsible for ensuring that IGCC's certification process protected consumers from fraudulent or misleading practices." Mot. at 3. Plaintiff contends that Kaskel has direct knowledge of IGCC's "internal decision-making on certification enforcement," and "is in a unique position to explain why IGCC failed to revoke certification despite evidence of misuse [of the sealant], what role the IGCC Board played in allowing these IGUs to remain certified, and whether IGCC's inaction was intentional rather than an oversight." Id. at 4.

IGCC denies that Kaskel is in possession of any information relevant to Plaintiff's claims, and suggests that Kaskel is akin to an "apex" witness who is entitled to a heightened degree of protection from harassment. The scope of discovery under Federal Rule 26(b), however, is broad, and includes nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. IGCC has not described anything unusually burdensome about producing Kaskel for deposition, and Plaintiff is not obligated to simply take IGCC's word that Kaskel lacks any relevant information. Based upon Plaintiff's description of information Kaskel may possess, the Court concludes Plaintiff is entitled to take his deposition. To the extent Kaskel lacks information Plaintiff seeks, he is of course entitled to so testify during a deposition. Given his long-standing involvement with a defendant in this case, however, he is not entitled to avoid that inconvenience altogether. The Motion to Compel is GRANTED.

DATED this 28th day of March, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL

- 2