The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br>Plaintiff,<br><br>v.<br><br>VIRACON, LLC, a Minnesota limited liability company, et al.,<br>Defendants. | NO. 2:23-cv-1999<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Leave to Take Additional Depositions pursuant to Federal Rule 30(a)(2)(A)(i), and for a corresponding modification of the case schedule under Rule 16(b)(4). Dkt. No. 152. Plaintiff has taken the ten depositions authorized under Federal Rule 30(a)(2)(A)(i), and seeks leave, as that rule requires, to depose three additional individuals: John Kent, Lori Postak, and Matthew Bergers. These witnesses were identified in the parties' Rule 26(a) initial disclosures and, Plaintiff asserts, possess critical, non-duplicative knowledge bearing directly on the central issues in this case. Defendants oppose the motion. They argue that Plaintiff exhausted its allotment of depositions without sufficient forethought, elected to depose peripheral witnesses, and now seeks relief from the presumptive limit and this Court's scheduling order to

ORDER
- 1

remedy its own tactical misjudgments.

Having reviewed the motion, the parties' briefing, and the record, and being fully advised, the Court concludes that Plaintiff has met its burden of showing necessity and appropriateness of the discovery it seeks under Federal Rule 26(b)(1) and (2); and "good cause" for modification of the scheduling order under Rule 16(b)(4), and grants the motion for the reasons set forth below.

## II. BACKGROUND

This action arises out of alleged construction and product defects involving insulated glass units (IGUs) used in Plaintiff's high-rise residential building. Plaintiff alleges a conspiracy among Defendants—the Insulating Glass Certification Council (IGCC), Viracon, and Quanex—concerning the manipulation of IGCC certification standards and the concealment of known product defects.

Plaintiff has already conducted ten depositions, including several witnesses not listed in any party's Rule 26 disclosures. Plaintiff now seeks to depose John Kent (IGCC's administrator responsible for IGCC's operation), Lori Postak (Quanex's R&D manager, personal creator of subject defective sealant, and member of IGCC's Board of Directors), and Matthew Bergers (Viracon's R&D manager and years-long internal investigator of subject defective sealant). While Defendants assert that Plaintiff previously deposed these individuals in unrelated litigation, they do not dispute the significance of their roles in this case.

## III. DISCUSSION

Federal Rule of Civil Procedure 30 presumptively limits parties to ten depositions. A party seeking to exceed that limit must show that the additional depositions are warranted and that the depositions already taken were necessary. *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599–600 (W.D. Wash. 2013); *Galajian v. Beard*, No. C15-0955JLR, 2016 WL 5373116, at *2 (W.D. Wash. Sept.

ORDER
- 2

26, 2016). Under Rule 16(b)(4), a scheduling order may be modified for good cause, which exists when the moving party has been diligent in seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court is persuaded that Plaintiff has made the required particularized showing. Each proposed deponent holds a role directly linked to the disputed certification process and the alleged product defects. Mr. Kent, as head of the IGCC, allegedly authorized deviations from IGCC standards to allow failing IGUs to remain certified. Ms. Postak is a polymer chemist who invented the sealant at issue and served on the IGCC Board. Mr. Bergers, though not at Viracon at the time of the initial certification, allegedly engaged in subsequent certification processes and product revisions in ways that furthered the alleged conspiracy.

Plaintiff has provided a detailed and unrebutted account of the unique knowledge each witness is expected to offer. Defendants do not deny these witnesses' importance. Instead, they suggest that Plaintiff could have obtained this information earlier or from other sources. Plaintiff has shown, however, that the information sought was not available from the ten prior depositions, none of which included individuals with equivalent roles or firsthand involvement in the events at issue.

Moreover, while Defendants emphasize that Plaintiff had previously deposed these individuals in separate litigation, they do not deny that the factual circumstances of this case are distinct. Rule 30 does not bar a second deposition of a witness in a different matter, particularly where the testimony sought pertains to different subject matter.

Further, the Court finds that Plaintiff acted with sufficient diligence. The witnesses in question were timely disclosed and noticed. Plaintiff communicated its intent to pursue these depositions well in advance of the discovery cutoff. Although the formal motion was not filed

ORDER
- 3

until late May, the record reflects that ongoing document productions and Defendants' shifting positions contributed to the timing. In contrast to the characterization offered by Defendants, Plaintiff did not simply "wait until the bitter end" to conduct discovery; rather, it proceeded promptly and now seeks to address remaining, clearly identified gaps in testimony.

Defendants have not demonstrated that the burden of these three depositions outweighs their likely benefit. The proposed depositions are narrowly tailored, will be limited in duration, and can be completed within two weeks of this Order without disturbing the existing dispositive motion deadline. The Court is satisfied that any additional cost or inconvenience is modest and proportionate to the complexity and stakes of this litigation.

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion for Leave to Take Additional Depositions, as follows:

1. Plaintiff may take the depositions of John Kent, Lori Postak, and Matthew Bergers, notwithstanding the presumptive ten-deposition limit under Rule 30(a)(2)(A)(i);
2. These depositions shall be completed no later than **June 14, 2025**;
3. The discovery deadline of May 30, 2025 is extended **solely** for the purpose of conducting these three depositions;
4. All other case deadlines, including the dispositive motion deadline of **July 7, 2025**, remain unchanged.

DATED this 3rd day of June, 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER
- 4