The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION,

    Plaintiff,

v.

VIRACON LLC, *et al.*,

    Defendants.

NO. 23-cv-1999-BJR

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE**

    Currently pending before the Court is Defendants' Motion to Exclude Previously Undisclosed Fact Witnesses, ECF No. 171, to which Plaintiff has filed an opposition, ECF No. 173. Having reviewed the materials and the relevant legal authorities, the Court will DENY the motion.

    Defendants assert that Plaintiff untimely disclosed witnesses on June 30, 2025, after the close of fact discovery, which is a violation of Federal Rule of Civil Procedure 26. Mot. 2. Under Rule 26(a)(1)(A)(i), parties are required to identify "each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Defendants contend that there are three witnesses—Aaron Edwards, Gordon Smith, and Keith Soltner—who were not disclosed in Plaintiff's initial disclosures or discovery responses, but were later disclosed

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE

- 1

as "unretained experts," although the identified testimony is factual in nature. Mot. 2. Defendants also request that the Court limit the testimony of two witnesses, Jeff Laue and Chris Saldanha, to topics that were initially disclosed. *Id.* at 3.

Rule 26(e)(1)(A) provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). As relevant here, Rule 26(e)(1)(A)'s "otherwise" exception imposes "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report." Fed. R. Civ. P. 26(e) Advisory Committee Notes to 1993 Amendments. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff has explained that Edwards, Smith, and Soltner were revealed through the discovery process and through Defendants' own documents and inferences from deposition questioning. Opp'n 2-3. Plaintiff disclosed these witnesses as non-retained experts shortly after they were revealed and before the expert disclosure deadline. *Id.* Plaintiff also explains that Laue's and Saldanha's testimony evolved out of Defendants' deposition questioning during late May 2025. Plaintiff agrees to facilitate depositions if Defendants choose to depose any or all of them.

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE

- 2

1  "A district court has wide discretion in controlling discovery" and that discretion is
2  "particularly wide" in deciding whether to exclude witnesses under Rule 37. *Ollier v. Sweetwater*
3  *Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (citations omitted). Here, trial is scheduled
4  to commence on February 2, 2026, over six months away. Expert disclosures were due by June 30,
5  2025, and Plaintiff identified the disputed witnesses and their testimony by that date. There is still
6  time for Defendants to take further depositions if they choose to do so, and thus, any perceived
7  delay or expansion of scope is harmless. The Court, in its discretion, finds that Rule 37 sanctions
8  are not warranted.

9  Accordingly, Defendants' motion to exclude the witnesses or limit their testimony is
10 DENIED.

11 DATED this 25th day of July 2025.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE
- 3