The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIFTEEN TWENTY-ONE SECOND AVENUE CONDOMINIUM ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>VIRACON LLC, *et al.*,<br><br>    Defendants. | NO. 23-cv-1999-BJR<br><br>**ORDER RE PENDING MOTIONS AND DENYING FURTHER MODIFICATION OF TRIAL SCHEDULING ORDER** |

    Currently pending before the Court is reconsideration of the motion to continue trial and twelve additional motions, the most recent of which just became ripe for decision on December 15, 2025. The Court previously granted the motion to continue, *see* ECF No. 276, but Plaintiff then filed a notice of opposition, ECF No. 277. The Court has now reviewed Plaintiff's opposition, ECF No. 307, Defendants' reply, ECF No. 309, together with the record of this case and the relevant legal authorities. For the following reasons, the Court hereby confirms it order granting the 90-day trial continuance and denies further modification of the scheduling order.

Of the twelve pending motions, two are cross-motions for summary judgment, and six are *Daubert*[1] motions. The remaining motions seek sanctions or exclusions related to the briefing of the parties' other motions. Additionally, the parties filed supplemental briefs creating even more of a moving target and that caused further delay in the Court's ability to issue a decision on the parties' motions. The most recent filing on December 15, 2025 finally places the Court in a position to review fully ripe briefing. As such, the Court will re-note all pending motions to December 15, 2025.

Under these circumstances, the Court considered the Defendants' motion to continue the trial and found good cause for continuing the pretrial and trial deadlines. Indeed, Plaintiff does not dispute that the Court needs time to resolve the "myriad of motions" (not all of which were filed by Defendants). Pl.'s Opp'n to Continuance 1-2. Plaintiff requests that the continuance be limited to no more than 45 days, rather than 90 days, and asks the Court to sanction Defendants for their handling of the continuance motion. *Id.* at 4.

The Court finds that sanctions are unwarranted and declines Plaintiff's request to sanction Defendants under the circumstances presented. Further, the Court finds no good cause for once again modifying the scheduling order. The Court needs time, uninterrupted by further motions and supplemental briefing in this case, to consider and resolve the currently pending motions.

Accordingly, the Court confirms its order granting a 90-day continuance of the trial, and the scheduling order issued at ECF No. 276 stands without further modification. The Court warns the parties that further continuances are unlikely. The Court orders the parties to refrain from filing any

---

[1] Motions to exclude pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993).

ORDER RE PENDING MOTIONS AND DENYING FURTHER MODIFICATION OF TRIAL SCHEDULING ORDER

- 2

1  further motions until after the Court has issued its decision on the cross-motions for summary

2  judgment (ECF Nos. 178, 186).

3  All currently pending motions as of this date, are hereby re-noted to December 15, 2025.

4  DATED this 18th day of December 2025.

                                                          _____
                                                          Barbara Jacobs Rothstein
                                                          United States District Judge

ORDER RE PENDING MOTIONS AND DENYING FURTHER MODIFICATION OF TRIAL SCHEDULING ORDER

- 3